Thank you, Your Honors. May it please the Court, my name is Shannon Wilhite. I am here representing the plaintiffs Stanley Miroth and Patricia Miroth, who are watching on the live video stream this morning. Your Honors, first I want to address that the documents that are stated in the order, the judicial records that were procured by defendants and currently are complained about as defendants that those records were not included in the excerpt of records. These records were extensively cited by both the defendants and the court in her order to dismiss this case. However, the records that were stated are showing that the Miroths, or what an opportunity to state at the time in the state court proceeding that they were objecting to the defendant's social workers' false statements that were being made about them. Let me, first of all, I want to make sure the clock is counting down, Ms. Robinson. I think we can, we'll move it down to 13 minutes since we've been going for a few, but we'll make sure you have plenty of time for rebuttal. What is your argument as to why this case was improperly dismissed? The argument to why this case was improperly dismissed is because the case was dismissed on the basis of the Rooker-Feldman that is a de facto appeal from the state court and that the Miroths stated in state court things like, we weren't doing drugs, we were doing services, we were doing things to keep the children in the house directly after they were removed. We were availing ourselves to corrective action, and, um... But as a general matter, in terms of the Rooker-Feldman doctrine, we, I understand that you have, you're no longer seeking to overturn the state court decision, but your complaint in your current argument is sort of an amalgam between they made a mistake because they didn't do what the state law requires and some fraud allegations, i.e., they lied to the state court. And insofar as it's the second, probably the Rooker-Feldman doctrine doesn't apply. So which, what is your argument? Is it that they didn't follow state law or that they lied to the state court? Thank you, Your Honor. The argument is that they were falsely stating a myriad of things to the state court. It's specifically, the reason that this was brought was specifically to show that the Trinity County social workers were describing, they were lying and omitting. So not just falsely stating things about the plaintiffs, but omitting critical information that they are required by law to provide to the court. And because of that, those omissions and those falsities, that it was then that the court made a certain decision based on that, but really the CWS workers in their actions were devious and were, they were basically, like you said, falsely stating to the court and omitting. Can I ask you, on that, so they were telling that to the court, what were, did you have an opportunity to respond to these false statements and explain to the court that they were false? And did you do that? Did you tell the court that these statements were false? Yeah, thank you, Your Honor. So I think defendants are arguing that there was an opportunity for them to state that those things were false. Well, the plaintiffs have had they switched attorneys so many times, they were never able to address what CWS workers were doing. And I think more... Can I, I want to make me real clear about, were they not able to because, it sounds like you're saying they were not able to because of changing attorneys, etc. But were they not able to because they didn't have an opportunity to, or that they just, they were unable to because they were unable to take advantage of the opportunity they were given? I would say, well, Your Honor, we were arguing that there was no opportunity because what the social workers were doing, they, the social workers were omitting things. And to respond to that, the plaintiffs were saying, we did these things. The point is, is that the social workers have a legal obligation to say these things themselves to the court. The court historically relies on the county social workers' opinion. That attorney is giving an opinion to the court, and the majority of time, they are following that attorney's recommendation. Let me ask, let me just follow up a little bit on what Judge Van Dyke was asking. One thing the district court said in the order on ER 11 was that all of the alleged fraud, misrepresentations, and omissions were matters brought to the state court's attention as explained above, or were matters within plaintiff's knowledge. Do you dispute that? Yes. Okay, what's the basis and the record for disputing that? The basis and the record is that the, well, the basis and the record is in the second amended complaint where it states that they went, sometimes they didn't have an They, they themselves, they never said the social workers are fraudulently inducing the court to believe this other story. They would say their piece, but this wasn't a case about social workers being fraudulent. There is, there is probably hundreds of pages of the service logs, which defendant did not procure from the county. The service logs are where you can actually see what defendants were doing in regards to were they following state law or not. By the time it gets to the court and they're just signing a dependency petition, and they're falsely, falsely alleging to facts in that dependency petition, my clients had no idea how to dispute the actual actions that led up to that decision. For example, when they put that on 300J in the dependency petition, where it is emotional abuse, you don't know when they're signing that. They, my clients couldn't tell when the social workers are signing that under penalty of perjury, what events led up to that. Where were the facts that allowed them to come up with that specific allegation towards the clients? If you can't see those facts, which we allege to many that those are part of the proceedings to date prior to when the motion was dismissed. Are these things that you allege, are these things you allege you found out later or are they things you allege or you acknowledge that your clients knew about at the time of the state court proceedings? My clients were able to tell me, my clients knew the facts of what happened on their side of things. Based on those facts, we alleged the wrongful removal and the continuing removal of the children based on my client's facts. Alleged where? Alleged here or in state court? Here. Okay, but what we're trying to find out is at the time of the state court proceedings, were your clients aware of the documents and either their omission or falsification or is there any reason they weren't? So, my clients were aware that CBS weren't stating like, these parents are attending counseling, these parents are attending domestic violence services. These parents have said they are doing everything they can do to rectify the situation. And your clients said this to the state court? My clients were saying what they were doing to the state court. My clients could not tell that the social workers were doing anything wrong, legally wrong, by not stating that these, like the social workers stating these parents are doing X, Y, and Z. I'm not following this, to be honest with you, because it seems that if your clients know what happened to them and they hear somebody saying something that's allegedly not true, why didn't they have a basis at the time to say that is not correct? I'm having trouble understanding what could have happened in the state court proceedings that they were unaware of. So, thank you for that. I think that the legal, it's the legal nuances that are getting overlooked when you're, when they're in the state court proceeding and there are being things omitted intentionally by the social workers. They're not in the state court stating these social workers are being fraudulent, nor do they know that they're being fraudulent when they're doing that. They might say, oh, they heard in the state court proceeding the social workers didn't say anything about it. So, they say, well, I am doing classes, I am doing this, I am doing that. But to actually allege in the state court with particularity that the social workers are fraudulently misleading them that they're actually collaborating to do this, you have to look at all of the facts in the service logs to see exactly what's going on. It goes way beyond just them stating that when they get to state court. When I say them, I mean the social workers stating or not stating something. So, what you're saying is that the service logs, which they didn't have access to at the time, if I understand what you're saying, demonstrated that the social workers knew that what they were telling the court wasn't true. Is that what you're saying? I don't think that's exactly in your complaint, but is that what you're saying? Right. Yeah, thank you for that. There's ample facts in there that are outside of any of the juvenile records that happened during court. There are things outside of what happened in court, but that were not presented or presented in court by the social workers. No, my clients didn't have the opportunity that they argue in People v. Sims. That opportunity is when there was an actual case on exactly the same thing, and they didn't argue it, as far as collateral estoppel goes. Sorry, who didn't argue it? I'm sorry, defendant's argument, and I guess the de facto appeal in the federal court order. We've taken you almost to the end of your time. We'll put two minutes on the clock for rebuttal, and we'll go ahead and hear from your opposing counsel. Good morning. This is John Whitesides for the Appellees. The court earlier referenced the district court's order at page 11, and the summary statement made by Chief Judge Mueller about the opportunities, whether taken or not, that Miroas had in the dependency proceedings. If we go to the prior page in the record, which is Volume 1, ER 10, you'll see the district court list in an item-by-item fashion. It lists each alleged omission or misrepresentation that was pled in this case, and where the record shows that in the dependency proceeding, the Miroas actually testified as to their version of the facts, or had the opportunity to, and due to the alleged negligence of their own attorney, failed to pursue the appropriate tactic in doing so, or failed to put on all the relevant evidence. But nonetheless, the opportunities were there. So are you arguing for issue of preclusion, basically? Yes. All right. So the only thing about that is, first of all, the district court did not exactly find that. She relied on Rooker Feldman, right? Correct. Yes. Secondly, you have — the parties are not the same. You'd have to have non-mutual clerical estoppel, essentially, right? No. The party against whom the doctrine is being asserted has to be the same or in privilege.  That's non-mutual issue of preclusion. Okay. So — and what exact — are these factual issues or legal issues? What — I guess ultimately my question is, should we be doing this on our own? If we thought Ricker Feldman did not apply, but issue of preclusion quite possibly did, should we decide that, or should we send it back to the district court for a more careful look at the issue of preclusion question? Well, this Court can affirm on any basis that it's shown as supported by the record.  I'm asking you whether we have sufficient briefing and analysis, given that the district court did not do this, to decide on an issue of preclusion basis. Yes, you can, because — I know I can. I want to know whether I should. You should, because the complaint on its face shows the doctrine's applicability. So that's step one. It shows the identicality of the parties, the identicality of the issue. The parties are not identical.  The parties are not identical. The Moroths are identical. The Moroths are identical.  Yes. It shows that it was necessarily and finally decided in the dependency proceeding, and it was done on the merits. What's it? The various claims that are in this case, wrongful removal of the children, wrongful detention of the children, and the failure to reunify the children with the biological parents. Those are the three basis for the claims in this case. All three of those were litigated in the dependency proceeding. The complaint makes that clear. It cites extensively to the juvenile record in that regard, and talks about what evidence was submitted, and whether their lawyer did the right thing or not, and what the court ruled. So the complaint on its face shows the doctrine's applicability. The second reason you should look at collateral estoppel is that it was raised conspicuously and timely in the motions to dismiss, and even though the district court didn't address it, the appellants, plaintiffs, were certainly aware of it, had the opportunity to brief it, and did not brief it in their initial opposition. Then in a surreply, they did try to address it, I would say belatedly, but they did. Yet in the opening brief on appeal, they did not address it, even though they knew that it was an issue. Well, they didn't know it was an issue because the district court had decided on Rooker-Feldman, so it's not unusual for them to do it. But they knew the defendants were raising it. Well, maybe you wouldn't raise it. But the real problem is they didn't file a reply brief, so they did have an opportunity to brief it here, and they didn't do it.  But the fact that they didn't raise it in the first place was certainly not a waiver because it's not what the district court decided. I would disagree, Your Honor, because your job is not to show that the district court's reasoning was wrong. As the appellant, your job is to show that the judgment should be reversed, and that includes any ground for affirmance that's shown by the record. All I can tell you is that it's never done that way or just about never in this Court, i.e., it comes up if the appellee raises it. Right. I mean, they didn't waive anything by not addressing issue preclusion in the opening brief. That said, this issue is on the table, and you've briefed it in your answering brief, and we're trying to get to the bottom of whether this is a sufficient basis for affirmance here if we have questions about the Rooker-Feldman doctrine. So I don't think they've waived anything except that it would have been helpful to get a reply brief that addressed some of this. Yes, and my point is this was not a surprise because it was raised in the district court by the defense. So none of this is a surprise. Is your emphasis on issue preclusion essentially... Well, the emphasis on the merits is split between, yes, you can support Rooker-Feldman because they dropped the extrinsic fraud claim and no... I don't understand the extrinsic fraud emphasis or versus intrinsic fraud. I don't understand Rooker-Feldman to depend on that. In fact, as I recall...  Excuse me. I'm sorry. The opinion in Cougacyan seems to say fairly plainly that if no one is seeking to... If the federal case is between private parties and no one is seeking to overturn the state court opinion, then Rooker-Feldman doesn't apply. And even if they were seeking to overturn the state court ruling and there was extrinsic fraud, then there would be jurisdiction. But I don't understand where the extrinsic fraud idea comes from otherwise as being determinative of Rooker-Feldman. I would agree, Your Honor, that this circuit does not have a published opinion that expressly addresses intrinsic versus extrinsic fraud in the specific context of Rooker-Feldman. Right. However... So why are we worrying about it? I mean, the basic notion of Rooker-Feldman is are you trying to overturn the state court decision or are you trying to resolve an issue between private parties, a separate issue between private parties, and they are. So I don't really see what Rooker-Feldman has to do with this. Well, the district court's reasoning, and I would agree with Your Honor that it would have been much simpler to just go to collateral estoppel. But I think what the district court did was say there's no way I can grant relief for the plaintiffs without essentially saying that the juvenile court made the wrong decisions and that I cannot do because of Rooker-Feldman. That's how I read the district court's order. Yeah, I read it the same way. I don't know that it's correct, though. Let me ask you on the issue preclusion. Your opposing counsel referenced some logs and was trying to make the point that the logs were sort of determinative of the fraud and that the logs could not have been discerned during the state court proceedings. What's your response on the logs? I don't believe the argument was that the lack of logs, which, as the court pointed out earlier, is not alleged, but let's humor it in the sense of a potential amendment. I don't think the argument is that because they lack the logs, they weren't aware of the falsity. It appears what they're saying is although they were aware of the falsity and they testified as to the truth, perhaps if they'd offered these logs as well, the juvenile court as the finder of fact would have believed them rather than the other evidence. What I understood them to be saying is that what the logs demonstrated was that the defendants knew that this wasn't true. In other words, in order to prove fraud, you'd have to demonstrate not only that it wasn't true, but that they knew it wasn't true. Yes, they did say that. Right. So that could be a reason for saying that they weren't able to demonstrate than what they could demonstrate now. I'm not sure why they now have the logs and didn't have them before, and I wasn't looking for this in the complaint, but I don't remember seeing it, but it may be there. I don't know. It's not. There's nothing about the logs in the complaint, which was amended multiple times. Secondly, whether or not the misstatements were knowing or negligent would not have any bearing on whether they were actually and necessarily decided in the juvenile proceeding. I mean, that might go to state of mind in terms of, like you said, showing intentional versus negligent misrepresentation, but that would have no bearing on collateral estoppel. We're not getting in a state of mind when we look at collateral estoppel. What we're getting into is what was litigated, how was it decided, was it decided on the merits, not what were the tactical decisions made or who had more evidence that they could have offered but didn't. I mean, it's a little strange to be talking about this set of concerns that I don't fully understand and I don't think was alleged. But in Benevides, the conclusion was that Rooker-Feldman didn't apply and I don't think collateral estoppel would have applied because things were done outside the knowledge of the defendants and they didn't have the opportunity to litigate it. Correct. What you're saying is, well, they had the opportunity to litigate it, but they didn't have, even if they didn't have all the facts. Is that what you're saying? I'm not saying it isn't because they didn't have all the facts. What they're saying is we had all the facts, but what we didn't have was the confirmation that the social worker's state of mind was nefarious. To me, that's a big step removed from lacking facts. I mean, again, as the district court says, they testified as to what the true facts were in their view. I didn't use drugs. I have done my rehab services. So, I mean, what the social worker's state of mind is about that doesn't really matter. The juvenile court's focus is on what's the best thing for the children and where are the parents at. The juvenile court doesn't care about what the social worker's state of mind is. Well, but certainly if you had been able to demonstrate to the state court that the social workers didn't believe what they were saying, there was much more possibility that he would find in favor of the parents and not the social workers. I don't think that's true, Your Honor. I think the juvenile court's job is to do what's in the best interest of the children. And if the facts show that they... Well, no, but that's the question. I mean, the social workers were presenting one state of facts. They were presenting another state of facts. Whether you believe the social worker's state of facts would certainly be influenced by whether the logs supported what the social workers were saying. Yes, but whether or not the mother used drugs, for example, no, that wouldn't be in any way shaped in terms of a judicial decision at the state of mind.  If the social workers were standing up and saying she used drugs but their notes said she didn't use drugs, right, then the state court judge would be much more likely to find that she did use drugs if they have notes saying they didn't use drugs. I'm not saying that's what happened, but obviously what's in those logs couldn't matter. Well, I guess that gets us into the second prong of this, which is according to them, they're represented by counsel and it's because of their own counsel's errors and mistakes that the juvenile court reaches these erroneous decisions. And that has nothing to do with the social workers or their states of mind. And yet, as the district court notes, the complaint is replete with all these references to things that the dependency lawyer could have done and didn't that would have led to a better result. You're into borrowed time here. Let me see if my colleagues have any further questions for you. Mr. Whitesides, I want to thank you very much for your presentation this morning and we'll hear a brief rebuttal from Ms. Wilhite. Thank you, Your Honors. This conversation that just occurred is, we're talking about collateral estoppel, is exactly why collateral estoppel doesn't apply. We're talking about things that we could discover in discovery rather than things that are stating Ms. Maroos said she doesn't use drugs. That was not actually litigated. It's not been actually litigated that the Maroos believed that they were defrauded and retaliated against by plaintiffs or by defendants, excuse me. That's not what the state court proceeding was. The state court proceeding was, these parents were trying to get their children back. This was a dependency petition. There was a determination on parental fitness. This is what they were focused on. Did the state court judge make any specific findings as to whether they used drugs, whether they were going to classes, whether the sex offender was in the house anymore? Did he make any specific findings or was his finding just a general finding with regard to the final dependency determination? Your Honor, I am not sure. I don't think so. I think that he heard the hearing and made an order but not based on any specific findings. One other thing, if I'm allowed to state, is that defendants are relying on People v. Sims for opportunity. People v. Sims was also a collateral estoppel case. The court found that the issues have to be actually litigated. Defendants state that because plaintiffs had the opportunity to bring up the current allegations in the state court that Prong was met, but in Sims the defendant had an administrative hearing on the same issue she later had a criminal hearing for, which was defrauding the welfare system. The county did not present their case at administrative hearing. As such, the Supreme Court found the county did have an opportunity to find that she had committed fraud, but it can only be applied if the issues are identical. In Sims, the issues were identical. In this case, they are not identical. We just can't say that this case was a case alleging social worker, that the state court was a case alleging that the social workers were defrauding someone and denying them their 14th constitutional rights. The only time that the Rooker-Feldman has been found is when the person alleges in their complaint that the state court ruled wrongly, and it was because the state court ruled wrongly that they are now suing the social workers. We've let you go a little over your time, Ms. Wilhite. I want to see if my colleagues have any further questions. I have one question. Please. This material that you say you didn't have originally, and leaving aside whether you could have gotten it, could you have gotten it? How did you get it afterwards? Your Honor, I don't have that material. Oh, you don't have it. I do not. What I believe, the reason why I say the service logs are going to be where we are going to find them. I say you don't have it.  All right. Thank you. Thank you. I want to thank both counsel for the briefing and argument. This matter is submitted.
judges: BERZON, BRESS, VANDYKE